IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES BRECHIN FOLSOM,                                      CV 04-169-MA

        Petitioner,                                OPINION AND ORDER

   v.

BRIAN BELLEQUE,
Superintendent, Oregon State
Penitentiary,

        Respondent.

    James Brechin Folsom
    #4565341
    Oregon State Penitentiary
    2605 State Street
    Salem, Oregon  97310

        Petitioner, *Pro Se*

    HARDY MEYERS
    Attorney General
    LYNN DAVID LARSEN
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301-6313

        Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate in the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging his conviction for Assault in the First Degree, Attempted Murder, Assault in the Second Degree (as well as a lesser included offense of Assault in the Second Degree), and Burglary in the First Degree. Resp. Ex. 101 at 2. Respondent moves to dismiss the petition as untimely. For the reasons that follow, petitioner's habeas corpus petition (#1), and motion for a temporary restraining order and a preliminary injunction (#20) are denied, and this proceeding is dismissed.

## BACKGROUND

Petitioner's direct appeal became final when the Oregon Supreme Court denied review on September 15, 1994, after the Oregon Court of Appeals affirmed his conviction. Resp. Ex. 102; see also State v. Folsom, 125 Or. App. 29, 865 P.2d 372 (1993).

On May 23, 1996, petitioner filed for post-conviction relief in Umatilla County Circuit Court, but the court denied relief. Resp. Ex. 103. The Oregon Court of Appeals affirmed without opinion on July 12, 2002, and the appellate judgment became effective on October 28, 2002.[1] Resp. Ex. 104.

---

[1] Petitioner references February 4, 2003, in his petition as the date the Oregon Supreme Court denied review, but there is no indication in the record that a petition for review was filed with the Oregon Supreme Court. Even if this court assumes that

**DISCUSSION**

Pursuant to 28 U.S.C. § 2241(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Federal habeas corpus petitions challenging a conviction arising prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, were timely if filed on or before April 23, 1997. Calderon

---

petitioner's post-conviction case became final on February 3, 2004, his petition for habeas corpus relief in this court would still have been untimely because 29 days had already elapsed by the time he filed for post-conviction review on May 23, 1996. Thus, on February 3, 2003, petitioner would only have had 336 days left to file.

3 - OPINION AND ORDER

v. Central District of California, 112 F.3d 386, 389 (9th Cir.
1997); see also Corey v. Saffold, 536 U.S. 214, 217 (2002).

Since petitioner's conviction became effective on September
15, 1994, the statute of limitations began to run on his federal
habeas corpus claim on April 24, 1996. Petitioner filed for
post-conviction relief on May 23, 1996, tolling the limitations
period during the pendency of his state post-conviction case.
See 28 U.S.C. § 2244(d)(2); see also Bunney v. Mitchell, 262 F.3d
973 (9th Cir. 2001)(one-year limitations period for filing
federal petition for writ of habeas corpus under the AEDPA was
tolled for period during which state inmate had petition for
habeas corpus pending in state court). Between April 24, 1996,
and May 23, 1996, 29 days elapsed prior to the filing.

Appellate judgment was effective on October 28, 2002.
Petitioner filed the instant case on February 4, 2004. Four
hundred sixty four days (464) elapsed thereby. Thus, a total of
493 days elapsed, after excluding the period between May 23,
1996, and October 28, 2002, before petitioner filed his federal
habeas petition.

Since 28 U.S.C. 2241(d)(1) only provides 365 days to
properly file an application for a writ of habeas corpus, and
petitioner waited 493 days, petitioner's case is untimely unless
he can show extraordinary circumstances beyond his control made
it impossible to file a timely petition. Gaston v. Palmer, 387

F.3d 1004, 1009 (9th Cir. 2003); <u>Frye v. Hickman</u>, 273 F.3d 1144,
1146 (9th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1055 (2002); <u>Allen
v. Lewis</u>, 255 F.3d 798, 799-800 (9th Cir. 2001), <u>reh'g *en banc*</u>,
295 F.3d 1046 (9th Cir. 2002).  To meet the burden of this fact-
specific inquiry, a habeas corpus petitioner must prove that the
"extraordinary circumstance" was the but-for and proximate cause
of his late filing.  <u>Allen</u>, 255 F.3d at 800; <u>Gaston</u>, 387 F.3d at
1009.  In this case, petitioner has made no such showing.
Accordingly, petitioner's habeas corpus petition is denied as
untimely.

On July 6, 2005, petitioner filed a motion for temporary
restraining order or preliminary injunction.  In that motion,
petitioner complains of mistreatment by prison staff and inmates
in the form of intentional food poisoning and contamination.
Petitioner does not address the timeliness of his habeas
petition.  Accordingly, the motion does not alter the court's
dismissal of this action.  In any event, petitioner's complaints
of mistreatment are not properly raised in this habeas corpus
proceeding.  <u>See</u> 28 U.S.C. § 2254(a) (application for a writ of
habeas corpus may be brought by state prisoner on the ground that
he or she is in custody in violation of the Constitution or laws
or treaties of the United States); <u>Ramirez v. Galaza</u>, 334 F.3d
850, 859 (9th Cir. 2003)("habeas jurisdiction is absent, and a

§ 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Accordingly, petitioner's motion for injunctive relief is denied, without prejudice to his right to file a civil rights action.

### CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#1), and motion for temporary restraining order and preliminary injunction (#20) are DENIED, and this proceeding is dismissed with prejudice.

IT IS SO ORDERED.

DATED this _14 day of July, 2005.


                     /s/  Malcolm F. Marsh
                   Malcolm F. Marsh
                   United States District Court Judge