IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES BRECHIN FOLSOM,                          CV 04-169-MA

         Petitioner,                           OPINION AND ORDER

    v.

BRIAN BELLEQUE,
Superintendent, Oregon State
Penitentiary,

         Respondent.

    James Brechin Folsom
    #4565341
    Oregon State Penitentiary
    2605 State Street
    Salem, Oregon  97310

        Petitioner, *Pro Se*

    HARDY MEYERS
    Attorney General
    LYNN DAVID LARSEN
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301-6313

        Attorneys for Respondent

1 - OPINION AND ORDER

MARSH, Judge:

On July 14, 2005, I denied petitioner's habeas corpus petition, brought under 28 U.S.C. § 2254, and his accompanying motion for a temporary restraining order, and entered a final judgment in that proceeding. Currently before the court are petitioner's motions for a certificate of appealability, for a new trial, for an enlargement of time, and for a temporary restraining order, and notice of appeal, brought under petitioner's terminated habeas corpus proceeding (combined in #27).

## DISCUSSION

**I.  Motion for New Trial.**

Petitioner moves for a new trial pursuant to Fed. R. Civ. P. 59(b). A motion under this rule is only available where the trial at issue was held in a United States court. Petitioner was tried in Multnomah County Circuit Court. Thus, he is not entitled to relief under Fed. R. Civ. P. 59. However, based on the allegations petitioner lodges in support of his motion for new trial, I consider petitioner's motion under Fed. R. Civ. P. 60, as a motion for relief from judgment or order.

Petitioner contends this court erred by finding that he failed to file his petition for federal habeas corpus relief within the one-year statute of limitations under 28 U.S.C.

§ 2244(d). Relying upon Carey v. Saffold, 536 U.S. 214, 219-221 (2002), petitioner argues that the federal limitation period was tolled during the two-year period allowed under Oregon law to file a petition for post-conviction relief.

Petitioner's reliance upon Carey is misplaced. In Carey, the Supreme Court interpreted the term "pending" in § 2244(d)(2) to include the intervals between state post-conviction petitions. Contrary to petitioner's contention, the Carey Court did not find that the federal limitations period was tolled even before a petitioner initiates state post-conviction review.

In this regard, it is worthy of note that the Ninth Circuit has rejected a similar argument premised upon the interplay between Oregon's state post-conviction limitation period and § 2244(d)(1). In Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003), a petitioner filed for state post-conviction relief within Oregon's two-year limitations period, but after the one-year federal habeas limitations period. The Ninth Circuit found that the application of the one-year federal limitations period did not violate the Suspension Clause of Article I, Section 9, Clause 2, of the United States Constitution, even though it effectively barred the petitioner from federal habeas relief. The Ferguson court reasoned that the one-year limitations period leaves petitioners with a "reasonable opportunity to have their federal claims heard" regardless of

3 - OPINION AND ORDER

Oregon's statutory limits. Id. at 823. "It is unreasonable," said the court, "for a federal habeas petitioner to rely on a state statute of limitation rather than [28 U.S.C. § 2244(d)]." Id.

Petitioner further contends it was also error for this court to find that his post-conviction relief became final on October 28, 2002, and to note that there was no indication in the record that petitioner filed a petition for review with the Oregon Supreme Court. Petitioner contends that so long as he was attempting to appeal the denial of post-conviction relief, the federal limitations period was tolled. Petitioner's attempt allegedly included a number of motions for temporary restraining orders and preliminary injunctions in the Oregon Supreme Court.

In the absence of some evidence or contention that petitioner timely filed a petition for review with the Oregon Supreme Court in his state post-conviction proceeding, I adhere to my conclusion that petitioner's habeas petition was untimely.

**II. Motion for Temporary Restraining Order.**

Petitioner prays for a temporary restraining order against the Superintendent of the Oregon State Penitentiary and numerous inmates. He alleges that the Superintendent recruited inmates in a conspiracy to poison petitioner's food, to provoke and harass him, and to deny him proper medical treatment.

I previously denied petitioner's request for a restraining order on the basis that claims challenging conditions of confinement are not properly raised in a habeas corpus proceeding. I adhere to that ruling.

**III. Notice of Appeal/Motion for Certificate of Appealability.**

Petitioner filed his notice of appeal and motion for certificate of appealability on September 19, 2005. Additionally, petitioner filed a motion for enlargement of time.

Because I previously granted petitioner an extension of time to file his notice of appeal, and petitioner filed a motion for relief from judgment which tolled the time to file his notice of appeal, I conclude that petitioner's notice of appeal and motion for certificate of appealability are timely. See Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly, his motion for enlargement of time is denied as moot.

I further find, however, that petitioner has failed to satisfy the standard to obtain a certificate of appealability, because he has not demonstrated "that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003)(internal citations and quotations omitted). Accordingly, I deny petitioner's motion for a certificate of appealability.

## CONCLUSION

Based on the foregoing, petitioner's motion for relief from judgment (#27) is DENIED, petitioner's motion for a temporary restraining order (#27) is DENIED, petitioner's motion for enlargement of time (#27) is DENIED, and petitioner's motion for a certificate of appealability (#27) is DENIED.  The Clerk of the Court is DIRECTED to process petitioner's Notice of Appeal (#27).

IT IS SO ORDERED.

DATED this 27_ day of October, 2005.

 /s/  Malcolm F. Marsh  
Malcolm F. Marsh  
United States District Court Judge